IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED IL
5/3/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| ARI WEINER,<br>Plaintiff,<br><br>v.<br><br>SUDLER AND COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:21-cv-02379
Judge Charles R. Norgle, Sr
Magistrate Judge Sunil R. Harjani

COMPLAINT

PARTIES

1. Plaintiff Ari Weiner ("Plaintiff") is an individual of majority age and a citizen and resident of the State of Illinois. Plaintiff resides in the Eastern Division of the Northern District of Illinois. Plaintiff is an aggrieved person as defined by 42 U.S.C. § 3602(i).

2. Defendant Sudler and Company ("Defendant") is a for profit corporation duly incorporated under the laws of the State of Illinois. Defendant conducts business in and its corporate office is located in the Eastern Division of the Northern District of Illinois. Defendant is a person as defined by 42 U.S.C. § 3602(d).

JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. § 3613(a)(1)(A).

4. Venue is proper in this District and Division because Plaintiff resides in this District and Division, Defendant conducts business in and is domiciled in this

1

District and Division and substantial acts and omissions giving rise to the instant complaint occurred in this District and Division.

## FACTUAL ALLEGATIONS

5. Plaintiff has an impairment which limits one or more of his major life activities.

6. Upon information and belief, Defendant knows that Plaintiff has an impairment which limits one or more of his major life activities.

7. Plaintiff has a record of having an impairment which limits one or more of his major life activities.

8. Upon information and belief, Defendant knows that Plaintiff has a record of having an impairment which limits one or more of his major life activities.

9. Upon information and belief, Defendant regards Plaintiff as having an impairment which limits one or more of his major life activities.

10. Plaintiff resides in a condominium in downtown Chicago; Defendant is currently the property manager of said condominium.

11. Plaintiff previously requested and received a reasonable accommodation from the condominium association of the condominium in which he currently resides in order to afford him equal opportunity to enjoy a dwelling therein.

12. Upon information and belief, Defendant knows that Plaintiff previously requested and received a reasonable accommodation from the condominium association of the condominium in which he currently resides in order to afford him equal opportunity to enjoy a dwelling therein.

13. Upon information and belief, on or about the end of April and/or the beginning of May, 2021, Defendant undertook a campaign to broadcast to condominium employees and property management employees the nature of Plaintiff's impairment and/or that Plaintiff is 'special' and/or that Plaintiff is 'entitled'.

14. Upon information and belief, the intent of Defendant's campaign as described in ¶13 was to discriminate against Plaintiff and/or to intimidate Plaintiff so as to prevent Plaintiff from requesting reasonable accommodations in the future.

15. Defendant's conduct caused Plaintiff's impairment to increase in severity and further limit his major life activities.

## COUNT I
## VIOLATION OF 42 U.S.C. § 3604(2)

16. Plaintiff restates and realleges all preceding paragraphs.

17. Defendant discriminated against Plaintiff in the provision of services in connection with his dwelling, because of an impairment that limits one or more of his major life activities.

18. Plaintiff was damaged as a result of Defendant's conduct.

## COUNT II
## VIOLATION OF 42 U.S.C. § 3617

19. Plaintiff restates and realleges all preceding paragraphs.

20. Defendant intimidated and interfered with Plaintiff on account of his having exercised and/or enjoyed a right granted and/or protected by 42 U.S.C. § 3604(3).

21. Plaintiff was damaged as a result of Defendant's conduct.

## RELIEF SOUGHT: 42 U.S.C § 3613(c)

22. Plaintiff restates and realleges all preceding paragraphs.

23. Plaintiff seeks actual and punitive damages pursuant to 42 U.S.C. § 3613(c)(1)(a).

24. Plaintiff seeks applicable fees and costs pursuant to 42 U.S.C. § 3613(c)(2)(a).

25. Plaintiff seeks any other just relief that this Court may order pursuant to 42 U.S.C. § 3613(c)(1)(b).

Respectfully Submitted,

s/ Ari Weiner

Ari Weiner
400 E Randolph St
Ste 3028
Chicago, IL 60601
(312) 590-7149
aw4501@sbcglobal.net